[L. A. No. 962. Department Two.—December 28, 1901.]

## M. J. NOLAN et al., Respondents, v. G. F. ROTSLER, Appellant, and D. KILPATRICK, Co-Defendant.

INJUNCTION—REMOVAL OF MACHINERY FROM STONE-QUARRY—ACTION BY OWNER OF LAND—POSSESSION EVIDENCE OF TITLE.—An action by the owner of land, in possession thereof, to enjoin the removal of machinery, engines, derricks, tramways, and wire cable, attached to the soil, will be sustained, upon the presumption of ownership arising from the possession thereof, even if the property be considered as personal property, in the absence of proof of other ownership thereof.

ID.—PURCHASE FROM LESSEE—BURDEN OF PROOF AS TO OWNERSHIP.—A defendant claiming title to the property involved by purchase from a lessee, who affixed it to the soil, for use in a stone-quarry leased from the plaintiff, has the burden of proving title to the property in the lessee at the time of the purchase, in order to overcome the presumption of ownership arising from the possession of the property by the plaintiff.

APPEAL from a judgment of the Superior Court of Ventura County and from an order denying a new trial. B. T. Williams, Judge.

The facts are stated in the opinion.

Jones & Weller, and Orestes Orr, for Appellant.

W. R. Bacon, for Respondents.

COOPER, C.—This action was brought to enjoin the defendants from removing from the lands of plaintiffs certain machinery, engines, derricks, tramways, wire cables, and appurtenances, alleged to be the property of plaintiffs, and attached to and claimed to be a part of the real estate described in the complaint. The case was submitted upon the pleadings and a written stipulation as to the facts. The court filed findings, and ordered judgment for plaintiffs as prayed. The defendant Kilpatrick made default, and defendant Rotsler has appealed from the judgment and order denying his motion for a new trial. The sole question here is as to whether or not the pleadings and stipulation support the findings.

The stipulation shows that the plaintiffs were, at the time of the commencement of the action, and at the time of the trial, the owners and in possession of the real estate described in the complaint.

That plaintiffs were, at the commencement of the action, and ever since have been, in possession of the machinery, engines, derricks, tramways, and wire cable described in the complaint, the same being securely attached to and fastened to the soil by means of hydraulic cement, iron bolts, and being imbedded in the rock. The verified complaint alleged that defendants threaten to, and will, unless restrained by the court, detach from the soil and remove from said premises the said property hereinbefore described. This allegation is not denied in the answer.

The above stipulated facts and admission in the answer amply sustain the findings.

Without regard to the question as to whether or not the property was so attached to the real estate as to become a part thereof, and conceding it to be personal property, the judgment is correct. The stipulation shows that plaintiffs were in the possession thereof at the time of the commencement of the action and at the time of the trial. Possession is *prima facie* evidence of title. It entitled the plaintiffs to maintain such possession, and to prevent the property from being detached from the soil, as against all persons not having a better title. It does not appear that appellant had a better title, or any title at all. The stipulation shows that the property in controversy was affixed to the premises by the defendant Kilpatrick, for the purpose of quarrying and taking stone

therefrom, after the execution of a lease thereof to him by plaintiffs, and that the lease has not expired, and "that the defendant G. F. Rotsler, prior to the commencement of this action, purchased of the said D. Kilpatrick all his interest in said machinery and fixtures." But it does not follow from that that the property ever belonged to Kilpatrick, or that he had any interest to convey. It was necessary for appellant, in order to overcome the presumption as to plaintiffs' title, to have proven or shown that the title or right of possession was in Kilpatrick at the time of the purchase from him.

It follows that the judgment and order should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.